# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CALVIN F. TANNEHILL,** | } |
| Petitioner, | } |
| v. | } Case No.: 2:07-CR-115-RDP-PWG |
| **UNITED STATES OF AMERICA,** | } |
| Respondent. | } |

## MEMORANDUM OF DECISION REGARDING ORDER DENYING MOTION TO REDUCE TERM OF IMPRISONMENT

This case is before the court on *pro se* Petitioner Calvin F. Tannehill's Motion for Modification or Reduction of Sentence Based Upon a Retroactive Guideline Amendment, Concerning Cocaine Base ("Crack") and Certain Criminal History Rules That Have the Effect of Lowering Guideline Range and Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10(c) filed February 25, 2009. (Doc. #81). Petitioner Tannehill files his motion requesting that this court modify or reduce his sentence based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). For the reasons stated herein, the court concludes that Petitioner's motion for reduction of sentence is due to be denied.

### I.      Background

In May 2007, the U. S. Sentencing Commission ("Sentencing Commission") submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, Amendment 706 (hereinafter referred to as the "Crack Amendment"),

represented the Sentencing Commission's attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  *See* United States Sentencing Comm'n, Report to Congress:  Cocaine and Federal Sentencing Policy (May 2007) (the "2007 Report"); *see also Kimbrough v. United States*, 128 S.Ct. 558, 569 (2007) (describing Commission's amendments to Sentencing Guidelines).  In the absence of Congressional action to amend the 100:1 ratio found in the Title 21 statutes, the Sentencing Commission proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table in Guideline § 2D1.1.  *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007); U.S.S.G. Supp. To App'x C, Amend. 706.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007.  In December 2007, following a period of public discussion, the Sentencing Commission voted to apply the Crack Amendment retroactively to cases decided before November 1, 2007.  The effective date for retroactive application of the Crack Amendment was March 3, 2008. The Sentencing Commission also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as the "Amended Policy Statement").  Thus, as of March 3, 2008, the Crack Amendment and Amended Policy Statement apply to all relevant sentences, old and new.  All of this was accomplished pursuant to the Sentencing Commission's authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

**II.     Analysis**

With that background, the court now turns to the current motion (Doc. #81) filed by Petitioner to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2) and § 1B1.10(c). Petitioner's motion seeks relief under the Crack Amendment and the Amended Policy Statement.

The focus of Petitioner's § 3582(c)(2) motion is the 295[1] month sentence imposed upon him on January 3, 2008. Petitioner was sentenced to 235 months as to Counts One and Two separately and concurrently, and 60 months as to Count Three to be served consecutive to Counts One and Two. Petitioner argues that the Probation Office erred in calculating his criminal history points by including prior offenses in his Presentence Report that were either erroneous, irrelevant, or "fall outside the window of being utilized to compute [his] criminal history." Petitioner contends that by lowering his criminal history points and criminal history category, he would qualify for a reduction in sentence.

In reviewing the Presentence Report and transcript of the sentencing hearing held January 3, 2008, the court finds that Petitioner is correct in his argument that the points attributed for the convictions at Paragraphs 49 and 51 of his Presentence Report were outside the time frame for which they should have been countable and, therefore, he was erroneously credited with three criminal history points.[2] Accordingly, Petitioner's Presentence Report is due to be amended to reflect "0" points for the convictions listed at Paragraphs 49 and 51, and a total criminal history score of 14 points. Nevertheless, the correction of this error does not affect Petitioner's original criminal history

---

[1] In Petitioner's motion, he incorrectly states his term of imprisonment as 293 months. (Petitioner's Motion at p. 2).

[2] The court finds the remaining offenses shown in Petitioner's criminal history section of his Presentence Report have been listed and calculated correctly.

3

category.  Paragraph 57 of the Presentence Report contains the criminal history computations reflecting a total of 17 criminal history points.  Even after deducting the three points which were incorrectly attributed to Petitioner and adjusting his criminal history score downward to 14 points, his criminal history category would remain a category VI.

Additionally, Petitioner was sentenced after the effective date of the Crack Amendment using the sentencing guidelines in effect on November 1, 2007.  The court applied the amended guideline to the computation of his base offense level of 33.  Therefore, his sentence was not based on a guideline that has subsequently been lowered by an amendment to the guidelines as required in order to trigger 18 U.S.C. § 3582(c).  The court notes, however, that even if Petitioner had been sentenced prior to the effective date of the relevant amendments, he would not have been entitled to a reduction in sentence since he was determined to be an armed career criminal pursuant to 18 U.S.C. § 924(e). *United States v. Thomas*, 545 F.3d 1300 (11th Cir. 2008).  Petitioner's argument for removal of the Armed Career Criminal Act title from his sentences is without merit and due to be denied.

## III.   Decision

Because the Crack Amendment and Amended Policy Statement did not (and could not) have any effect on the statutory minimum penalty set by Congress, this court finds that Petitioner is not eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G § 1B1.10.[3]

---

[3] U.S.S.G. § 1B1.10(a)(2)(B) states as follows: "Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Specifically, U.S.S.G § 1B1.10 removes from consideration those defendants who were sentenced to a statutory minimum sentence.[4]

Accordingly, Petitioner's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is due to be denied.  A separate order will be entered in accordance with the court's decision.

### IV.    Notice of Appeal Rights

Should Petitioner consider an appeal of the court's decision, a § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten (10) days from the entry of the judgment or order being appealed.  *See, United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks,* 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P*. 4(b)(1)(A)(i).  If Petitioner was represented by appointed counsel at trial or on appeal, Petitioner is not required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. If Petitioner was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, Petitioner should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files his notice of appeal from the denial of the § 3582(c)(2) motion.  The Clerk is **DIRECTED** to provide Petitioner with an application to proceed *in forma pauperis* form.

---

[4]U.S.S.G. § 1B1.10, comment.(n.1.(A)(ii)) states as follows: "Eligibility. – Eligibility for consideration . . . is triggered only by an amendment . . . that lowers the applicable guideline range.  Accordingly, a reduction in the defendant's term of imprisonment is not authorized . . . if (ii) an amendment is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a **statutory mandatory minimum term of imprisonment**)." (Emphasis added).

**DONE** and **ORDERED** this      14th       day of May, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE